IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                                         **CASE NO. 1:04CR28-SPM/AK**

**VINCENT KEITH RAINES,**

   **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

This cause is before the Court on Defendant's motion to vacate, set aside, or correct sentence. Doc. 64. The Government has filed a response, Doc. 67, and Defendant has submitted his reply. Doc. 71. This matter is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to vacate be denied as untimely.

**BACKGROUND**

Defendant pled guilty to conspiracy to distribute and to possess with intent to distribute more than 50 grams of cocaine base and was sentenced to 294 months imprisonment, to run concurrently with a state prison sentence. Doc. 52. Judgment was entered on May 25, 2005. *Id*. No appeal was filed.

By letter dated December 4, 2005, Defendant turned to the Court "to ascertain the status of the attorney-client relation due to the investigative (continued) by agents involved with my case circumstances."  Doc. 55.[1]  Attached to this letter was a letter to Defendant's counsel, George Blow, also dated December 4, 2005, requesting his "assistance in advising me truthfully as to what course of remedial litigations and post conviction actions that are available to me. And please, explain your position for not filing an appeal for me."  *Id.*  He further complained that neither Mr. Blow nor Dan Glassman "will so much as respond to my inquiries, nor my family's:  wife, friend and mothers; calls and request to speak to you both."  *Id.*

On December 15, 2005, Defendant wrote Mr. Blow a "Supplement to Dec. 4, 2005 letter."  Doc. 65.  Between December 15, 2005, and December, 2007, Defendant took no further action in either this Court or the court of appeals.[2]  In late December, 2007, Defendant filed a motion for leave to seek an out-of-time appeal.  Doc. 58.  By order dated February 25, 2008, the Court denied the motion based on the expiration of the time for seeking an extension of the appellate filing deadline, which had expired on June 24, 2005.  *Id.*

The instant motion to vacate followed.  It was turned over to prison authorities for mailing on April 8, 2008.  Doc. 64.  In it, Defendant charges that counsel was ineffective for failing to file a notice of appeal on his behalf and for failing to challenge Defendant's prior convictions.  He maintains that he did not have access to legal information until he arrived at FCI Edgefield in September, 2007.  *Id.*

---

[1]This letter with attachments was not filed until March 28, 2006.  However, the envelope in which the documents were mailed is postmarked December 8, 2005, and thus, there is no reason to doubt the December 4, 2005, date on the letter.

[2]Defendant's wife wrote the Court on April 5, 2006, regarding a possible reduction in her husband's sentence.  Doc. 56.

**DISCUSSION**

> Section 2255 provides:
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "A 1-year period of limitation shall apply to a motion under this section."

§ § 2255(f). The one-year limitations period

> shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.  The pertinent inquiry here involves subsections (f)(1) and (f)(4).

Because Defendant did not appeal his sentence, his conviction became final ten days after entry of judgment, with the time for seeking an appeal expiring on June 9, 2005.[3]  *See* Fed. R.

---

[3] *See* Fed. R. App. P. 4(a)(3) & (4).  At the time, intermediate weekends and legal holidays were included in the ten-day calculation.  The rule was amended in 2002, to bring it in line with the manner in which time is calculated under the civil and criminal rules, so that now the intermediate weekends and legal holidays would be excluded from the calculation.  *See* Fed. R. App. P. 4 advisory committee notes.

**1:04cr28-SPM/AK**

App. P. 4(b)(1)(A)(I) & 26(a).  As noted *supra*, Defendant filed the instant motion on April 8, 2008.[4]  Clearly, he did not file the motion within one-year of the date his conviction became final, and therefore, the motion to vacate is untimely under subsection (f)(1).

Defendant suggests that the December 4, 2005, letter to the Court was sufficient to constitute a § 2255 motion to vacate and that his April, 2008, filing was merely an amendment to the letter.  While this is a creative argument, it does not have merit, as there is nothing in the body of the letter to the Court, which is prominently titled "Re: Inquiry Re Attorney-Client Relations," that hints of a request to the Court to vacate, set aside, or correct Defendant's sentence.  Though the Court does grant *pro se* litigants considerable leeway in the form of their pleadings, it would be overstretching even the most flexible of pleading perimeters to have construed this letter as a motion to vacate when it was mailed to the Court.

The Court therefore turns to subsection (f)(4) to determine whether it provides Defendant with an avenue for pursuing § 2255 relief.  In *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002), the Eleventh Circuit addressed what had previously been § 2255(4) and is now subsection (f)(4) and found that this limitations period "begins to run when the facts *could have been* discovered through the exercise of due diligence, not when they were *actually* discovered." *Aron*, 291 F.3d at 711 (emphasis in original).  Thus, the "beginning of the one-year period is triggered by a date that is not necessarily related to a [defendant's] actual efforts or actual discovery of the relevant facts." *Id*.  The pertinent timeliness inquiry begins with "determining whether the [defendant] exercised due diligence because...if he did so, the limitation period

---

[4]*See Houston v. Lack*, 487 U.S. 266 (1988) (pursuant to "mailbox rule," date that petition was deposited with prison is controlling filing date, not actual date document was filed in court).

**1:04cr28-SPM/AK**

would not begin to run before the date he actually discovered the facts supporting the claim." *Id.* "It is only if [Defendant] did not exercise due diligence that [the Court is] required to speculate about the date on which the facts could have been discovered with the exercise of due diligence." *Id.* at 711 n.1.

In determining due diligence, a defendant is not required to use "the maximum feasible diligence, but only 'due,' or reasonable, diligence." *Id.* at 712. "Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." *Id.* The due diligence inquiry is "an individualized one that 'must take into account the conditions of confinement and the reality of the prison system.'" *Id.* (citation omitted).

It cannot be disputed that by December 4, 2005, the date of the letter to the Court and to counsel, Defendant had discovered both bases of the motion to vacate which he now presses. These letters were written only slightly over six months after entry of judgment and for the sake argument, they show due diligence on Defendant's part. Though in reality, the discovery of the bases for the claims certainly preceded the writing of the letters by some amount of time, bcause it affords Defendant the more generous time frame, the Court will set December 4, 2005, as the starting point of the one-year statute of limitations under subsection (f)(4). From that date, the one-year limitations period would have expired on December 4, 2006. Again, the instant motion to vacate was not filed until April, 2008, thereby making the motion untimely under subsection (f)(4) as well.

This does not, however, end the inquiry, as "in the proper case, § 2255's period of limitations may be equitably tolled." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.

1999). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Id*. In this regard, Defendant has not come forward with anything to suggest that equitable tolling should be applied in this case. The fact that he did not enter federal custody until long after the one-year statute of limitations had expired is not a circumstance which warrants equitable tolling. The Court advised Defendant at sentencing that he had the right to appeal his sentence, and he knew quite early on that his attorney had not filed the appeal. Defendant did not hesitate to contact the Court seeking guidance on the status of his relationship with his court-appointed counsel, and there was nothing that prevented him from going that next step and prominently advising the Court or the Clerk of Court that he wanted to take an appeal of his sentence or seeking guidance on how to proceed with an appeal. Even in his letter to counsel, Defendant did not make it clear that he wanted to appeal his sentence, asking instead only for the reasons behind counsel's decision not to file an appeal but never directing counsel to file the appeal or otherwise indicating that counsel had ignored his directions to file an appeal.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, set aside, or correct sentence, Doc. 64, be **DENIED AS UNTIMELY**.

**IN CHAMBERS** at Gainesville, Florida, this  *13th*   day of August, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**1:04cr28-SPM/AK**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**