**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      CASE NO.: 1:04-CR-028-SPM

VINCENT RAINES,

    Defendant.

_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on the Magistrate Judge's Report and Recommendation. (doc. 77)  Defendant has been furnished a copy and filed objections pursuant to Title 28, United States Code, Section 636(b)(1).  (doc. 82) Having considered the Report and Recommendation and Defendant's objections, I have determined that the Report and Recommendation should be adopted.

A one-year limitation period applies to § 2255 petitions.  28 U.S.C. § 2255(f).  The one-year period starts from "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence"  28 U.S.C. § 2255(f)(1) and (4).  "However, a petition filed outside this one-year window may still be considered timely if the reviewing court applies

equitable tolling." Brown v. United States, 2008 U.S. App. LEXIS 23990 (11th Cir. Nov. 20, 2008).  Defendant has the burden "of proving that equitable tolling is applicable, and to do so, he must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Id. (quoting Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007)).  "Equitable tolling is only granted in 'extraordinary' circumstances." Id. (citations omitted).

Defendant's § 2255 motion seeks permission to file an untimely direct appeal based upon his lawyer's failure to file a notice of appeal.  The problem is that the § 2255 motion is itself untimely.  Defendant was sentenced on May 9, 2005.  (doc. 51)  Judgment was entered on May 25, 2005.  (doc. 52)  On December 4, 2005, Defendant sent a letter to his lawyer requesting that counsel explain to Defendant why counsel had not yet filed Defendant's direct appeal.  After receiving no response, Defendant sent counsel another letter on December 15, 2005.

On December 20, 2007, Defendant sent a request to this Court to file an appeal out of time.  (doc. 58)  The request was denied.  (doc. 59)  On April 11, 2008, after this request was declined, Defendant filed the instant § 2255 motion to vacate his sentence, charging that his counsel had been ineffective for failing to file Defendant's notice of appeal.  The deadline for this motion expired one year after Defendant realized that his lawyer had not filed a direct appeal.  On

December 4, 2005.  Therefore, this § 2255 motion should have been filed by December 5, 2006.  This motion is more than one-year out of time.  Defendant's actions, though many, do not demonstrate due diligence to exercise his rights.  Furthermore, Defendant's pro se status and custody in different facilities are not circumstances that warrant equitable tolling.  See Akins v. United States, 204 F.3d 1086, 1090-91 (11th Cir. 2000).

Accordingly, it is hereby ORDERED as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 77) is adopted and incorporated by reference in this order.

2. The Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 64) is hereby **denied as untimely**.

DONE AND ORDERED this tenth day of December, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge