IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.     CASE NO. 1:04-cr-00028-SPM-GRJ

VINCENT RAINES,

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 120, Defendant's motion to vacate under 28 U.S.C. § 2255. Defendant is serving a 294-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base. Defendant did not appeal. He subsequently sought relief under § 2255 on the grounds that his trial counsel rendered ineffective assistance for failing to file an appeal on his behalf and for failing to challenge Defendant's prior convictions. Doc. 64. The Court denied the motion as untimely and denied a COA. Docs. 91, 104. The Eleventh Circuit dismissed Defendant's appeal as untimely. Doc. 117.

The instant motion again attacks the sentence imposed by this Court. *See* Doc. 120. Specifically, Defendant contends that a state conviction used to enhance his sentence was overturned in May 2009.

Because Defendant was denied collateral relief previously under § 2255, he is barred from seeking such relief in this Court absent prior certification from the Eleventh Circuit. 28 U.S.C. §§ 2255(h), 2244(b)(3); *see Villanueva v. United States*, 346 F.3d

55 (2nd Cir. 2003) (habeas or § 2255 petition that is properly dismissed as time-barred constitutes an adjudication on the merits for successive purposes). There is nothing in the record that reflects that Defendant has been granted leave by the Eleventh Circuit to file a second or successive motion to vacate, and thus this Court lacks the requisite authorization to entertain the claims raised in the instant motion.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate pursuant to 28 U.S.C. § 2255, Doc. 120, be **DENIED**.

**DONE AND ORDERED** this 18th day of February 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**