IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    CASE NO.: 1:04-CR-28-SPM/GRJ

VINCENT KEITH RAINES,

    Defendant.

_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE

This cause comes before the Court on Defendant's motion (doc. 133) to reduce his sentence under the retroactive crack cocaine amendment (Amendment 750) and 18 U.S.C. § 3582(c). The Government filed a response in opposition (doc. 134).

Upon review, the Court finds that Defendant is not entitled to a sentence reduction because application of the guideline amendment results in no change to his sentencing range. Defendant's sentence was not imposed pursuant to § 2D1.1 of the United States Sentencing Guidelines, which has been amended. Defendant's sentence was subject to § 4B1.1 because he was a career offender, which resulted in an offense level of 34 and a guideline range of 262 to 327

months.  Because of the career offender enhancement, which has not been amended, Defendant's sentencing range remains the same under the amended guidelines, and he is not eligible for a reduction.

Defendant points out a subsequent correction in his prior criminal history relating to an illegal sentence.  Even without consideration of that particular crime and sentence, Defendant still qualifies for the career offender enhancement.  A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The instant offense was committed between approximately April 2003 and July 2004.  Documents in the record indicate that Defendant was well over the age of 18 at that time.  It is also clear that the instant conviction is a felony and a crime involving a controlled substance.  Additionally, Defendant has in excess of two prior felony convictions of either a crime of violence or a controlled substance offense.  More specifically, Defendant was convicted of the following: (1) delivery of cocaine in case number 88-18091 on March 15, 1989; (2) aggravated assault with a firearm in case number 01-2004-CF-002213-A on February 2, 2005; and (3) aggravated assault with a firearm in case number 01-2004-CF-002304-A on February 2, 2005.  It is clear that Defendant was properly subject to the career offender enhancement and therefore the retroactive crack cocaine amendment

has no affect on his sentence.  Accordingly, it is

      ORDERED AND ADJUDGED that the motion (doc. 133) to reduce sentence is **denied**.

      **DONE AND ORDERED** this 5th day of January, 2012.

                            *S/ Stephan P. Mickle*
                            Stephan P. Mickle
                            Senior United States District Judge